Curia, per

Butler, J.
The cases of Corley vs. Williams and Matthieson vs. Hanks, (the first in 1 Bail. R. 588, and the other in 2 Hill R. 525,) have been relied on in the argument of this case.
In the first of these cases, the plaintiff had instituted a prosecution against one Kerksey, for an assault and battery. The defendant was one of Kerksey’s securities for his appearance to answer to the charge. Kerksey having absconded, the defendant gave his note in consideration of the plaintiff’s dropping the prosecution. It was held that the note was not recoverable, for the consideration was illegal and void. In the case of Matthieson vs. Hanks, subsequently decided, the case of Corley vs. Williams was overruled, and it was held that a note given in satisfaction oí an assault and battery is valid. The note, there, was given by the party who had committed the assault to him who had suffered the' *179 injury, and who had a right to maintain his civil action for trespass.
The case under consideration is distinguished from the above in several particulars. The note sued on here was given by a third party, who had committed no wrong for which he could have been held accountable. No action, or right of action against him was compromised, nor was there any consideration by which he could be benefitted. But, if Mrs. Earnest, to whom the note was given, had received such an injury as to entitle her to maintain an action at law in her own name against Lasseter, to recover damages for herself, then the compromise of an injury to herself would be a sufficient consideration to support the promise, whether the defendant was to be benefitted or not.
I think it very clear that Mrs. Earnest could not have brought a civil action against Lasseter in her own name, to obtain compensation for any injury to her legal rights. For any trespass on the person oí a minor, or for any injury to his reputation by defamatory words, the action is always brought in the name of the minor by his guardian or por-chein ami ; and, for the same reason that an action should be thus brought for an injury to a minor’s land, or personal property, viz. because the proceeds of the verdict would belong, not to the guardian, but to the minor. So far as regards their rights in such cases, the parent occupies the place of the guardian. I do not think a case could be quoted where the action has been brought, in the name and for the benefit of the parent, for an assault and battery on the person of his child. For the seduction of a daughter, the parent brings the action per quod servitium amisit; but this is an acknowledged exception to the general rule, and for reasons which peculiarly concern the parent’s household and sanctity of habitation. A fiction is resorted to, to give a remedy for a wrong as nearly personal as can be, without affecting the individual, or by marriage, the relative identity of the parent. *180 The note, in this case, was made payable to Mrs. Earnest or bearer, and for her own benefit, not to her for the benefit of her child. The child may yet have his right of action against Lasseter.
Wardlaw 8f Perrin for the motion, Burt 8f Tompson,t contra.
, According to these views, the . decision below should be supported, but there is another view that may be taken, and which will equally support the circuit decision. Heast, the plaintiff, having in his hands, as executor, the funds of young Lasseter, had a right to make payments on his account and for his benefit. The note given by the, defendant to Mrs. Earnest, was taken up by Heast, at the instance, it would seem, of Lasseter. It was paid off¡ and should have been delivered to the defendant; and the money paid for it should have been charged as so much paid, laid out and expended for Lasseter’s use. If Heast has imprudently paid over to Lasseter the fund from which he might have retained this sum, let him look to his bond of indemnity, or to such other source as he may think proper, for remuneration.
Motion dismissed;
Gantt, Evans and Earle, JJ. con-3 purring.